IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUBEN VASQUEZ,         | § | |
|     Petitioner, | § | |
| | § | |
| v.                     | § | Civil Action No. 4:11-CV-753-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. Parties

Petitioner Ruben Vasquez, CID #0232333, is a state prisoner in custody of the Tarrant County Sheriff on new theft charges unrelated to this action.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

## C. Factual and Procedural History

Petitioner challenges his June 19, 2009, conviction for attempted burglary of a building in Tarrant County, Texas, Case No. 1155381D. (Pet. at 2; Resp't MTD, App. at 4) His four-month sentence for the offense was fully discharged on June 26, 2009. (Resp't MTD at 3-4 & App. at 10)

## D. Issues

Petitioner, who pleaded guilty to the attempted burglary charge pursuant to a plea agreement, claims in one ground that he received ineffective assistance of trial counsel. (Pet. at 6; Pet'r Amend./Supp. Pet.)

## E. Subject Matter Jurisdiction

Respondent contends the petition should be dismissed because petitioner is not confined in the Tarrant County jail pursuant to the conviction under attack and, thus, cannot meet the "in custody" requirement under 28 U.S.C. § 2254(a) or, alternatively, on exhaustion grounds. (Resp't Ans. at 3-6) Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490–91.[1] Petitioner was not in custody under his

---

[1] A petitioner does not remain "in custody" under a conviction after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Id.* at 492. Regardless, under state law, it does not appear petitioner's 2009 attempted burglary offense, a class A misdemeanor, can be used for enhancement purposes. *Carroll v. State*, 51 S.W.3d 797, 800 (Tex. App.–Houston [1st Dist.] 2001, pet. ref'd). *See also* TEX. PEN. CODE ANN. § 12.42
(continued...)

2

2009 attempted burglary conviction and sentence at the time this petition was filed, thus petitioner may not challenge the 2009 conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

## II. RECOMMENDATION

Because petitioner does not meet the "in custody" requirement of § 2254(a), the court has no jurisdiction to entertain his petition. Accordingly, respondent's motion should be granted, and the petition dismissed for lack of subject matter jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 9, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

---

[1](...continued)
(Vernon Supp. 2010).

3

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 9, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 16, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE